UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLARENCE WOOD,
a/k/a CLARENCE WADE,

      Petitioner,

 -v.-

JAMES CONWAY,

      Respondent.
------------------------------------------------------------X

08 Civ. 8377 (DAB) (JLC)

<u>REPORT AND
RECOMMENDATION</u>

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Deborah A. Batts, United States District Judge:**

### I. Introduction

*Pro se* petitioner Clarence Wood ("Wood") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2003 conviction and sentence in the New York Supreme Court, New York County. Respondent James Conway ("Respondent") has moved to dismiss the petition as barred by the applicable one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

The petition was filed 17 days after the statute of limitations had run. As Wood did not file any post-conviction collateral actions, he is not entitled to any tolling. Wood contends that he is entitled to equitable tolling, but he has not demonstrated that extraordinary circumstances existed which prevented him from filing his petition in a timely fashion. For the reasons stated below, I recommend that the petition be dismissed as time-barred.

1

USDC SDNY
DATE SCANNED 5/12/10



## II.     Procedural History

On August 25, 2003, a jury in New York State Supreme Court, New York County, convicted Wood of one count of Sodomy in the First Degree, one count of Course of Sexual Conduct against a Child in the Second Degree, one count of Attempted Rape in the First Degree, two counts of Sexual Abuse in the First Degree, and five counts of Endangering the Welfare of a Child. People v. Wood, 37 A.D.3d 283, 283, 831 N.Y.S.2d 39, 39 (1st Dep't 2007). He was sentenced to a 61-year consecutive prison term, consisting of 25 years for First Degree Sodomy, 15 years for Attempted First Degree Rape, seven years for Second Degree Course of Sexual Conduct against a Child, seven years for each of the two counts of First Degree Sexual Abuse, and five concurrent one-year terms for Child Endangerment to be served concurrently to one another and the felony terms. Br. for Def.-Appellant dated June 13, 2006, attached as Ex. A to Declaration of Leilani Rodriguez dated March 12, 2009 ("Rodriguez Decl.") (Dckt. 10).

On February 15, 2007, the Appellate Division, First Department affirmed Wood's convictions but modified his sentence to have the sentences for the convictions for Course of Sexual Conduct against a Child and First Degree Sexual Abuse run concurrently, thereby decreasing his sentence to 47 years' imprisonment. People v. Wood, 37 A.D.3d at 283, 831 N.Y.S.2d at 39. Wood filed for leave to appeal to the New York Court of Appeals, which was denied on May 11, 2007. People v. Wood, 8 N.Y.3d 992, 869 N.E.2d 671, 838 N.Y.S.2d 495 (2007).

Wood then "filed" a petition for habeas corpus with a separate Addendum in this Court on August 28, 2008.[1] He asserts three constitutional grounds upon which his petition should be

---

[1]     The habeas corpus petition was stamped as "received by the Pro Se Office on September 8, 2008" and was filed on the Court's docket on September 30, 2008. However, because Wood

2

granted: (1) his Fifth, Sixth, and Fourteenth Amendment due process rights were violated because he was convicted for Attempted First Degree Rape based on evidence that was legally insufficient so that the verdict was against the weight of the evidence; (2) his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to move for dismissal of the duplicitous Sexual Abuse and Sodomy Counts, to move for dismissal of the Attempted First Degree Rape count for legal insufficiency, and to object to the imposition of consecutive sentences; and (3) his Eighth and Fourteenth Amendment rights to protection against cruel and unusual punishment were violated because the court imposed consecutive terms of imprisonment for certain counts instead of concurrent terms.[2] (Dckt. 1&2.) On March 12, 2009, Respondent filed a Motion to Dismiss the Petition on the grounds that it is untimely under 28 U.S.C. § 2244(d)(1)(A). (Dckt. 9.)

On March 27, 2009, Magistrate Judge Eaton ordered Wood to demonstrate that he acted with reasonable diligence throughout the entire period from May 11, 2007 (when the Court of Appeals denied leave to file an appeal) through August 28, 2008 (when he filed his habeas petition) in his Response to the Motion to Dismiss. Wood subsequently filed his Response on May 11, 2009 ("Wood Resp."), including his Affirmation ("Wood Aff.") and attaching several

---

is representing himself, he benefits from the "prison mailbox rule," which provides that a petition is deemed filed on the day it is handed to the prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, Wood signed and dated the habeas corpus petition (Dckt. 1) and a notary signed and dated the Addendum on August 28, 2008 (Dckt. 2), so I will assume for purposes of this Report and Recommendation that this is the date that Wood handed his petition to the prison officials for mailing.

[2] Wood's Petition also states that his Sixth and Fourteenth Amendment rights to a fair trial and due process of law were violated because the indictment contained multiple duplicitous counts and the convictions were based upon those duplicitous counts (Dckt. 1), but this ground is neither asserted nor supported by his Addendum (Dckt. 2). I assume for the purposes of this Report and Recommendation that he is only asserting three grounds upon which his habeas

3

exhibits. (Dckt. 12.) On June 30, 2009, Respondent filed a Supplemental Memorandum of Law, arguing not only that Wood was not entitled to equitable tolling, but also that (1) his claim challenging the legal sufficiency of his Attempted Rape conviction is procedurally barred and meritless, (2) his claim with respect to the indictment is procedurally barred and is not cognizable on federal habeas corpus review, (3) the First Department's rejection of his ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, United States Supreme Court law, and (4) his sentencing claim is not cognizable on habeas review and his sentence did not violate his right to be free from cruel and unusual punishment. Because I recommend that the petition be denied on statute of limitations grounds, I do not reach the other issues.

### III. Discussion

#### A. Applicable Standards

As a threshold matter, Respondent does not specify the standard for determining its Motion to Dismiss the Petition. Nonetheless, the Court assumes that the Motion has been brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."); Ghartey v. St. John's Queens Hospital, 869 F.2d 160, 162 (2d Cir. 1989) ("a motion [to dismiss for an action being time-barred] is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather

---

petition should be granted.

than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter") (citations omitted).

In general, a court may only consider the pleadings when ruling on a Rule 12(b)(6) motion. Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.") (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)). In addressing whether he acted with reasonable diligence in filing his habeas petition, Wood attached an Affirmation and Exhibits to his Response (Dckt. 12) in which he set forth facts that were not incorporated into his original habeas petition. If a court considers matters outside of the pleadings in deciding a motion to dismiss, then it must give "[a]ll parties . . . reasonable opportunity to present all the material that is pertinent to the motion" and treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999). Exceptions to this rule are sometimes made by courts for *pro* se plaintiffs. Verley v. Goord, No. 02 Civ. 1182, 2004 WL 526740, at *5 (S.D.N.Y. Jan. 23, 2004) (citing Johnson v. Wright, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002) (considering a *pro se* plaintiff's factual allegations in briefs as supplementing his complaint); Burgess v. Goord, No. 98 Civ. 2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan 26, 1999) ("In general a court may not look outside the pleadings on a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."). Courts have also considered extrinsic materials without converting a motion to dismiss a habeas

5

corpus petition into a motion for summary judgment. See, e.g., Valverde v. Stinson, 224 F.3d 129, 134-35 (2d Cir. 2000) (vacating district court's dismissal of habeas corpus petition in part based on petitioner's sworn affirmation). Out of an abundance of caution, however, in considering the additional facts submitted by Wood, I recommend that the Court convert Respondent's Motion to Dismiss to a Rule 56 Motion for Summary Judgment.

The purpose behind giving parties an opportunity to present relevant material under Federal Rule of Civil Procedure 12(d) is "to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment." Fed. R. Civ. P. 12 Advisory Committee's Note on 1946 Amendment. But when it is the non-moving party who submits the extraneous materials for the court's consideration, as Wood has done in this case, notice need not be given for converting the motion to a motion for summary judgment. Gurary, 190 F.3d at 43 (motion to dismiss was properly converted to a motion for summary judgment without notice to the parties because plaintiff could not claim that he was surprised when the district court relied on the outside materials that he submitted); Reliance Insur. Co. v. Polyvision Corp., 474 F.3d 54, 57 (2d Cir. 2007) (finding no error when district court converted Rule 12(b)(6) and 12(c) motions into a Rule 56 motion without giving notice because "plaintiff knew additional factual consideration were being considered and, in fact, responded with its own evidentiary submissions"); see also Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) ("As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases...") (quoting Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000)), abrogated on other grounds by Tennard v. Dretke, 542 U.S. 274 (2004). Respondent has not objected to this Court's consideration of the Wood Affirmation and

6

Exhibits nor disputed the new facts set out in these materials. Rather, Respondent has expressly relied upon the Wood Affirmation and Exhibits to further his argument that the habeas petition should be dismissed. See, e.g., Resp. Supp. Mem. at 8-10 (Dckt. 14). In making a recommendation, I will therefore consider the pleadings and the additional materials under the applicable summary judgment standard.

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. Niagara Mohawk Power Corp. v. Jones Chemical Inc., 315 F.3d 171, 175 (2d Cir. 2003) (citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255 (1986)).

### B. The AEDPA Statute of Limitations

Under the AEDPA, there is a one-year statute of limitations for filing petitions of habeas corpus to seek relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This statute of limitations begins to run the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The procedural history of this case does not implicate any of the last three scenarios. In this case, the New York Court of Appeals denied Wood's leave to appeal on May 11, 2007.[3] Thus, his conviction became final on August 9, 2007, which was the expiration of the 90-day period during which he could seek a writ of certiorari from the United States Supreme Court. McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (when prisoner does not seek review of the New York state court decision in the United States Supreme Court, his or her conviction becomes final 90 days after the date of the New York Court of Appeals' order denying leave to appeal). Wood therefore had until August 11, 2008 to file his habeas corpus petition.[4]

Wood admits that he had one year from August 9, 2007 to file his habeas petition, but he argues that because the Petition was completed on August 1, 2008, it should be considered timely. Wood Resp. at 13 (Dckt. 12). However, this Court has found no case law which supports the proposition that the date by which a *pro se* prisoner completes a habeas petition, as opposed to the date by which a *pro se* prisoner files a habeas petition (usually by handing it to prison officials for mailing), is the appropriate date to consider in determining whether a petition is timely. As Wood did not give his petition to prison officials until August 28, 2008, Wood was 17 days late in filing his petition for a writ of habeas corpus, and his petition is therefore time-barred.

---

[3] In his habeas petition, Wood incorrectly stated that his application for leave to appeal was denied on June 1, 2007. (Dckt. 1.) He corrected this statement in his Response to the Motion to Dismiss. Wood Resp. at 6 (Dckt. 12).

[4] August 9, 2008 was a Saturday. In such instances, Federal Rule of Civil Procedure 6(a)(1)(C) extends the period of time for filing until "the next day that is not a Saturday, Sunday, or legal holiday."

8

### C. Equitable Tolling

Wood argues that this Court should equitably toll the statute of limitations for his habeas petition because the State prevented him from filing it on time by (1) assigning an inmate clerk to help him with the petition who was ignorant about filing procedures, and (2) not affording him timely notary services. Wood Aff. ¶ 11 n.5 (Dckt. 12).

For a court to equitably toll the statute of limitations for a habeas petition,[5] the petitioner must demonstrate that there were "rare and extraordinary circumstances" and that those circumstances prevented filing the petition in a timely manner. Valverde, 224 F.3d at 134. The petitioner must also have acted "with reasonable diligence" throughout the period he or she seeks to toll. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). None of the grounds offered by Wood constitutes rare and extraordinary circumstances, nor did he act with reasonable diligence to qualify for equitable tolling.

#### 1. Assignment of Inmate Clerk Ignorant of Filing Procedures

Wood asserts that the State caused him to delay filing by assigning an inmate clerk to help him with his habeas petition who was "unaware of the rules for filing in the Federal venue. Wood Aff. ¶ 11 n.5 (Dckt. 12). Were it not for the inmate clerk's mistaken belief that Wood had to notarize his habeas petition in order to file it, he contends that he would have filed the petition by August 1, 2008.[6] Id.

---

5    The Supreme Court in Lawrence v. Florida, 549 U.S. 327, 336 (2007), noted that it has not decided whether the AEDPA's statute of limitations provision codified at 28 U.S.C. § 2244(d) allows for equitable tolling, but it assumed as much for purposes of deciding Lawrence because the parties in that case agreed it was available.

6    Paul Harris, the inmate clerk who helped Wood prepare his habeas corpus petition, submitted an affirmation stating that he completed his work on the petition on August 1, 2008. Aff. of Paul Harris, attached as Ex. C to Wood Resp. (Dckt. 12). I infer from Wood's Response

A habeas petitioner's *pro se* status does not merit equitable tolling. Smith, 208 F.3d at 18. Nor does a prisoner have a right to a legal assistant of his or her choice. Mays v. Mahoney, No. 91 Civ. 3435, 1994 WL 48831, at *9 (S.D.N.Y. Feb. 14, 1994). Moreover, a petitioner relying on incorrect legal advice is not an extraordinary circumstance. That the advice came from a non-attorney does not affect the court's determination of whether it justifies equitably tolling the statute of limitations for habeas petitions. In Roman v. Artuz, No. 00 Civ. 1400, 2000 WL 1201392, at *2 (S.D.N.Y. Aug. 22, 2000), for example, the court held that the petitioner's reliance on the incorrect advice of prison law clerks that the filing of FOIL requests tolled the AEDPA's statute of limitations was insufficient to warrant equitable tolling.

Even if the incorrect legal advice comes from an attorney, courts have held that this is not a ground for equitable tolling unless the attorney's errors were extraordinary. Habeas petitions have been denied for being untimely when petitioners' attorneys miscalculated the time remaining for filing a habeas petition. Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001).

The rare example of when an attorney's actions have been so egregious as to render them "extraordinary" is illustrated by Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003). The habeas petitioner's lawyer in Baldayaque (1) failed to file the habeas petition despite a specific direction by his client to do so, (2) conducted no legal research for the case and therefore failed to realize that a petition could still be filed within the limitations period, (3) never spoke or met

---

that he would have filed his habeas corpus petition on that same date. Wood Resp. at 11 n.2 (Dckt. 12).

10

with his client, and (4) made no effort to locate his client when his letter to his client was returned. 338 F.3d at 152. The Second Circuit held that such actions were "far enough outside the range of behavior that reasonably could be expected by a client that they may be considered 'extraordinary'" and directed the district court on remand to determine whether the petitioner acted with reasonable diligence to try to get the habeas petition filed. Id. at 152-53. In this case, the erroneous legal advice that Wood received was nowhere comparable to the attorney's extraordinary neglect in Baldayaque.

Wood cannot claim that his own ignorance of filing procedures for habeas petitions justifies equitable tolling, either. Ruiz v. Poole, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008) (*pro se* petitioner's "ignorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling"); Jackson v. Kelly, No. 98 Civ. 3454, 2000 WL 325690, at *4 (S.D.N.Y. March 28, 2000) (denying habeas petition as untimely in part because *pro se* prisoner's ignorance of the AEDPA's one-year statute of limitations did not warrant equitable tolling). Wood's reliance on his being mistakenly informed that his habeas petition had to be notarized does not justify equitably tolling the statute of limitations.

### 2. Inability to Access Notary Services

Wood also asserts that the State created an impediment for his filing on time by "not affording [him] timely notary services." Wood Aff. ¶ 11 n.5 (Dckt. 12). Events that are part of the routine hardship of prison life, however, are not considered "extraordinary circumstances." Saldana v. Artuz, 99 Civ. 5089, 2000 WL 1346855, *2 (S.D.N.Y. Sept. 19, 2000) (citing Atkins v. Harris, 98 Civ. 3188, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when

11

to file a federal petition.")). Courts have held that transfers between prison facilities, lockdowns, solitary confinement, limited access to the legal research and libraries, and an inability to obtain court documents do not constitute extraordinary circumstances. Saldana, 99 Civ. 5089, 2000 WL 1346855, at *2 (inability to access library books due to three months in solitary confinement and six months in lockdown do not qualify as extraordinary circumstances); United States v. Mejia, No. 03 Cr. 1483, 2010 WL 935446, at *2 (S.D.N.Y. 2010) (prison returning mail package to sender, which contained inmate's legal papers so that he did not obtain them for months, did not constitute an extraordinary circumstance); Montalvo v. Strack, No. 99 Civ. 5087, 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (transfers between prisons not extraordinary circumstances); Martinez v. Kuhlman, No. 99 Civ. 1094, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (lack of English-language proficiency and lack of aid in legal research not sufficient grounds for equitable tolling).

It is only when prison officials have deliberately acted to delay the filing of a petition that courts have considered such actions to constitute an extraordinary circumstance. Valverde, 224 F.3d at 133-34 ("intentional obstruction of a prisoner's access to the courts" by means of confiscating his legal work product "is precisely the sort of oppression that that Fourteenth Amendment and section 1983 are intended to remedy") (citing Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987)). In Valverde, the Court held that it is an extraordinary circumstance when a corrections officer confiscates the inmate's handwritten habeas corpus petition and his legal papers right before the filing deadline. 224 F.3d at 133-34.

Wood does not allege that prison officials intentionally prevented him from getting his petition notarized. He attaches three letters to his Response that were purportedly sent to

12

someone in the law library to ask for a notary, but there is no evidence as to why prison officials did not respond to his requests for a notary sooner. Wood Aff. ¶ 12, Ex. C (Dckt. 12). In the absence of any allegation that prison officials intentionally prevented Wood from getting his petition notarized, his inability to see a notary appears to be a common hardship experienced by many other inmates, and thus not an extraordinary circumstance. See, e.g., Wilson v. Bennett, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (denying habeas petition in part because petitioner's "delay [in filing] occasioned by . . . arranging for notarization of his papers – amount[s] to no more than what could have been expected from the normal operation of a prison system" and was therefore not an extraordinary circumstance).

### 3. Reasonable Diligence

Even assuming that prison officials deliberately assigned Wood a law clerk who was ignorant of filing procedures or deliberately withheld notary services from him, Wood also must prove that he acted with reasonable diligence in filing his petition. A petitioner cannot demonstrate the "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing . . . if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

Wood claims that he was reasonably diligent in filing his habeas petition because he actively sought *pro bono* counsel to draft his habeas petition and sent three letters to the prison law library to request the services of a notary. Wood Aff. ¶¶ 9-12, Exs. A-C (Dckt. 12). These actions, however, do not demonstrate a causal relationship between the prison's actions and Wood's untimely filing to warrant equitable tolling. He knew that his habeas corpus petition had

13

to be filed by August 9, 2008, as evidenced by his letters to the prison law library, explaining that he only had a few days in which to file his petition. Wood Resp.at 10, Ex. C (Dckt. 12). There is no post-conviction right to counsel, even for a habeas petition. Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987). Yet Wood spent the better part of his one-year statute of limitations period requesting that five different lawyers represent him on a *pro bono* basis. Wood Aff. ¶¶ 9-10, Exs. A&B (Dckt. 12). He first requested legal assistance from the Attica Correctional Facility in June 2008, less than three months before the statute of limitations expired. Wood Aff. ¶ 11, Ex. C (Dckt. 12). Wood could have asked for assistance in drafting the habeas petition from the prison at any time during the one-year statutory period, instead of waiting to retain *pro bono* counsel, and could have prepared for the possibility that he would not be able to access the services of a notary right away. As a result, Wood has also failed to demonstrate that he acted with reasonable diligence.

## IV. Conclusion

For the foregoing reasons, I recommend that the Motion to Dismiss (Dckt. 9), which I have considered as a Motion for Summary Judgment, should be granted and the petition should be dismissed.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York,

14

New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: May 12, 2010
      New York, New York

JAMES L. COTT
United States Magistrate Judge

Copies mailed to:

Clarence Wood
a/k/a Clarence Wade
DIN # 03-A-4745
Attica Correctional Facility
P.O. Box 149
639 Exchange St.
Attica, New York 14011-0149

Lisa Fleischmann
Leilani Rodriguez
Assistant Attorneys General
Attorney General of the State of New York
120 Broadway, 22nd Floor
New York, NY 10271

15